SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X

MASPETH FEDERAL SAVINGS AND LOAN ASSOCIATION,

                    Plaintiff,

         -against-

BENJAMIN HIRSCH, NEW YORK CITY PARKING
VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, ROSENMAN & COLIN, LLP, and "JOHN DOE 1"
through "JOHN DOE 10", the names of the last ten defendants being
fictitious, intending to designate tenants or persons in possession or persons
who may have an interest in the mortgaged premises the true names of the
last 10 defendants being fictitious and unknown to plaintiff,

                    Defendants.
-----------------------------------------------------------------------X

Index No. 21821-00

UNITED STATES' COMPLAINT
IN INTERVENTION

-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Intervenor-Plaintiff,

         v.

BENJAMIN HIRSCH,
MASPETH FEDERAL SAVINGS AND LOAN ASSOCIATION,
NEW YORK CITY PARKING VIOLATIONS BUREAU,
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,
ROSENMAN & COLIN, LLP,
TORAH ACADEMY OF BROOKLYN a/k/a YESHIVA RUACH HATORAH

                    Intervenor-Defendants.
-----------------------------------------------------------------------X

## COMPLAINT IN INTERVENTION

The United States of America, by its attorney, Benton J. Campbell, United States Attorney

for the Eastern District of New York, pursuant to the provisions of 26 U.S.C. § 7403, with the

authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, under 26 U.S.C. § 7401, brings this civil action to: (a) establish the validity of the federal tax liens of the United States under 26 U.S.C. § 6321 upon the property and rights to property of Benjamin Hirsch, commonly known as 1450 Ocean Avenue, Brooklyn, NY 11210, together with associated personal property (the "Property"); (b) foreclose on the federal tax liens against Mr. Hirsch's interest in the Property; (c) determine the relative interests of the defendants in the Property, and the relative priority and amount or percentage of distribution that each defendant and the United States shall receive from said property; and (d) permit a judicial sale, or a sale by a receiver pursuant to 26 U.S.C. § 7403(d), and distribution of the proceeds of the Property. For its complaint in intervention, the United States alleges as follows:

## JURISDICTION AND PARTIES

1. Defendant Benjamin Hirsch resides within the jurisdiction of this Court.

2. Defendant Maspeth Federal Savings and Loan Association has been named as a defendant in this action for the reason that it has, or may claim, an interest in the Property upon which the United States seeks to foreclose its liens.

3. Defendant New York City Parking Violations Bureau has been named as a defendant in this action for the reason that it has, or may claim, an interest in the Property upon which the United States seeks to foreclose its liens.

4. Defendant New York City Environmental Control Board has been named as a defendant in this action for the reason that it has, or may claim, an interest in the Property upon which the United States seeks to foreclose its liens.

5.     Defendant Rosenman & Collin, LLP has been named as a defendant in this action for the reason that it has, or may claim, an interest in the Property upon which the United States seeks to foreclose its liens.

6.     Defendant Torah Academy of Brooklyn, a/k/a Yeshiva Ruach Hatorah ("TAB") has been named as a defendant in this action for the reason that it has, or may claim, a lease interest in the Property upon which the United States seeks to foreclose its liens.

7.     Benjamin Hirsch failed to fully pay his federal income tax liabilities for the tax years 1992, 1993, 1994, 1995, 1996, and 1997.

8.     On or about the following dates, a delegate of the Secretary of the Treasury of the United States made the following assessments against Benjamin Hirsch for unpaid federal taxes, for the following periods in the following amounts (interest is through 7/7/2008):

| Type of Tax | Tax Period | Date Tax Assessed | Date Notice of Federal Tax Lien Filed | Unpaid Assessed Balance | Accrued Penalties and Interest through 7/7/2008 | Total |
|---|---|---|---|---|---|---|
| 1040 | 12/31/1992 | 4/10/2000 | 9/21/2000 | $163,953.45 | $118,346.43 | $282,299.88 |
| 1040 | 12/31/1993 | 3/6/2000 | 9/21/2000 | $399,965.84 | $293,595.60 | $693,561.44 |
| 1040 | 12/31/1994 | 3/6/2000 | 9/21/2000 | $92,420.06 | $67,977.86 | $160,397.92 |
| 1040 | 12/31/1995 | 3/6/2000 | 9/21/2000 | $55,056.09 | $40,907.14 | $95,963.23 |
| 1040 | 12/31/1996 | 4/3/2000 | 9/21/2000 | $21,749.41 | $16,587.76 | $38,337.17 |
| 1040 | 12/31/1997 | 4/3/2000 | 9/21/2000 | $30,801.74 | $24,861.87 | $55,663.61 |
|  |  |  |  |  | **TOTAL** | **$1,326,223.25** |

9.     On or about the dates of the assessments described above, a delegate of the Secretary of the Treasury of the United States sent notice of the assessments to and made a demand for payment of the assessments upon Benjamin Hirsch. Furthermore, Notices of Federal Tax Lien were filed as set forth in paragraph 8.

3

10. Despite such notice and demand, Benjamin Hirsch has failed, neglected, or refused to pay the amount of the assessments in full, and, after the application of all abatements, payments and credits, he remains indebted to the United States for unpaid assessed internal revenue taxes, interest, and statutory additions in the total amount of $1,326,223.25, as of July 7, 2008, plus such additional amounts as may accrue as provided by law.

11. The failure, neglect, or refusal of Benjamin Hirsch to pay the taxes assessed against him following notice of the assessments and demand for payment of the same, gave rise, as of the dates of the assessments, to liens in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all of the property and rights to property of Benjamin Hirsch in an amount equal to the unpaid assessments, plus interest and other accruals permitted by law.

12. By Bargain and Sale Deed with covenant against Grantor's acts, dated July 9, 1986, and recorded in Kings County, New York, on July 29, 1986, at Reel 1853, page 244, title to the Property commonly known as 1450 Ocean Avenue, Brooklyn NY 11230, was conveyed to Benjamin Hirsch and Shaya Gitelis. By Bargain and Sale Deed with covenant against Grantor's acts, dated February 3, 1995, Shaya Gitelis further conveyed her interest in the Property to Benjamin Hirsch. That conveyance was recorded in Kings County, New York, on March 1, 1995, at Reel 3471, page 2478. Said conveyance made Benjamin Hirsch sole owner of the Property. That property is more fully described as:

> ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:-
>
> BEGINNING at a point on the westerly side of Ocean Avenue, distant 325 feet northerly from the corner formed by the intersection of the westerly side of Ocean Avenue and the northerly side of Avenue J;

    RUNNING THENCE westerly parallel with Avenue J, 151 feet 6-3/4 inches;

    THENCE northerly parallel with Ocean Avenue, 25 feet;

    THENCE easterly again parallel with Avenue J, 151 feet 6-3/4 inches to the westerly side of Ocean Avenue;

    THENCE southerly along the westerly side of Ocean Avenue, 25 feet to the point or place of BEGINNING.

    TOGETHER with an easement and right of way for the purpose of a driveway in, to and over a strip of land 4 feet wide, by 151 feet 6-3/4 inches in depth, fronting on the westerly side of Ocean Avenue immediately adjoining premises herein described on the south side thereof;

    RETAINING, however, a similar easement and right of way for the purpose of a driveway in, to and over a strip of land 4 feet in width by 151 feet 6-3/4 inches in depth fronting on the westerly side of Ocean Avenue, being the southerly 4 feet in width by 151 feet 6-3/4 inches in depth of the premises herein described.

  13. In an Order entered on May 24, 2007, by the United States Bankruptcy Court for the Eastern District of New York in the case styled <u>In re Benjamin Hirsch</u>, Case No. 1-02-17966-dem (Bankr. E.D.N.Y.), the Property was abandoned from Mr. Hirsch's bankruptcy estate. The bankruptcy stay was also modified to permit this foreclosure action to resume.

  WHEREFORE, the United States respectfully requests that this Court:

  A. Determine and adjudge that the United States has valid and subsisting federal tax liens on the Property as described in paragraph 12, above;

  B. Order the federal tax liens for the liabilities of Benjamin Hirsch in the Property be foreclosed, and that said Property may be sold in a judicial sale, or by a receiver under 26 U.S.C. § 7403(d), according to law, free and clear, with the net proceeds of the sale, after the satisfaction of the direct costs of sale, to be allocated among the defendants in accordance with their lawful interests and priorities; and

C.  Award the United States its costs in this action, and award such other and further relief as the court determines is just and proper.

>  Respectfully Submitted
>
>  BENTON J. CAMPBELL
>  United States Attorney
>
>  *[signature]*
>  Joseph R. Rodriguez
>  Trial Attorney, Tax Division
>  U.S. Department of Justice
>  Post Office Box 55
>  Washington, D.C. 20044
>  Telephone (202) 353-1790
>  Facsimile (202) 514-5238
>  E-mail: Joseph.R.Rodriquez@usdoj.gov

Dated: September 29, 2008