UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

MASPETH FED. SAVINGS AND LOAN ASS'N,

                Plaintiff,

      - against -

BENJAMIN HIRSCH, N.Y.C. PARKING
VIOLATIONS BUREAU, N.Y.C. ENVTL.
CONTROL BD., ROSENMAN & COLIN, LLP,
JOHN DOES 1-10,

                Defendants.
- - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

                Intervenor-Plaintiff,

      - against -

BENJAMIN HIRSCH, N.Y.C. PARKING
VIOLATIONS BUREAU, N.Y.C. ENVTL.
CONTROL BD., ROSENMAN & COLIN, LLP,
TORAH ACAD. OF BROOKLYN a/k/a YESHIVA
RUACH HATORAH,

                Intervenor-Defendants.

- - - - - - - - - - - - - - - - - - -X

<u>REPORT AND
RECOMMENDATION</u>

CV 2009-0817 (RJD)(MDG)

     This is an action to foreclose a mortgage on premises located at 1450 Ocean Avenue, Brooklyn, New York (the "Property") commenced in New York state court by plaintiff Maspeth Federal Savings & Loan Association ("Maspeth") against Benjamin Hirsch, among others. After intervening in the state court action, the United States removed the action to this court in order to amend the judgment of foreclosure that the state court had entered. By order dated December 10, 2009, the Honorable Raymond J. Dearie

granted the motion to amend and recognized the priority of tax liens placed by the United States on the Property in any foreclosure sale of the property at issue.

On January 4, 2011, the United States filed a letter application for an order directing the intervenor-defendant Torah Academy of Brooklyn (the "Torah Academy"), the current occupant of 1450 Ocean Avenue, to vacate the premises and to pay the balance of unpaid back-rent owed. Ct. doc. 26. By order dated June 24, 2011, Judge Dearie referred plaintiff's supplemental motion to vacate the premises (ct. doc. 32) to me for report and recommendation.

For the following reasons, I respectfully recommend that the requested relief be granted.

BACKGROUND

Plaintiff Maspeth commenced this foreclosure action in New York State Supreme Court, Kings County, on June 16, 2000 against defendant Hirsch for his failure to repay a mortgage. They also named as defendants the New York City Parking Violations Bureau, the New York City Environmental Control Board, Rosenman & Colin, LLP, and unnamed tenants of the Property as potential claimants of interest in the property at issue. The Honorable Joseph J. Dowd granted the requested foreclosure on November 19, 2001, ordered a sale of the Property and barred defendants from asserting any right in the Property. See Judgment of Foreclosure

& Sale (ct. doc. 5, hard copy ex. 5). Following entry of the judgment, Mr. Hirsch filed a petition for relief under Chapter 11 of the Bankruptcy Code in the Eastern District of New York on June 21, 2002, which stayed the state-court action. See Pl.'s Memorandum in Support of Mot. to Intervene (ct. doc. 5, hard copy ex. 6) at ¶ 9 & Ex. A. In 2007, the bankruptcy court ordered abandonment of the Property from Mr. Hirsch's bankruptcy estate and modified the stay in bankruptcy to allow plaintiffs Maspeth and the United States to enforce their liens against the Property. See id. at ¶ 11 & Ex. A.

The United States moved to intervene in the state-court suit on September 29, 2008, asserting an interest based on tax liens placed on the Property. See id. at ¶¶ 12, 15. It alleged that Hirsch owed over $1 million in federal tax liability. See id. at ¶ 4. Furthermore, the United States sought to add as a defendant the Torah Academy of Brooklyn, which leased the premises from Mr. Hirsch, and for a determination that the tax liens have priority over any such lease agreement. See id. at ¶¶ 5-6. The State Supreme Court granted the motion of the United States to intervene on February 4, 2009. Notice of Removal (ct. doc. 1). After removing the case, the United States filed another intervenor complaint alleging that as a result of Mr. Hirsch's failure to pay his federal income tax obligations between 1992 and 1997, the government made tax assessments and filed tax liens totaling $1,326,223.25. Intervenor Complaint (ct. doc. 4) at

¶ 8.  The United States moved on July 24, 2009 to amend the foreclosure judgment to add a judgment for foreclosure in favor of the United States based on the federal tax liens.  See ct. doc. 17 at 1-2.  By order dated December 9, 2009, Judge Dearie granted the motion, recognizing that the United States holds valid federal tax liens on 1450 Ocean Avenue and decreeing that the Property be foreclosed, free of any right or interest of any of the other parties in the action.  See Order of the Court dated Dec. 9, 2009 (ct. doc. 19).

Judge Dearie subsequently issued an order on February 4, 2010 appointing Ken MacBride as Receiver to enforce the government's tax liens.  See Order of the Court dated Feb. 4, 2010 (ct. doc. 23).  He also directed the Receiver to take custody and arrange for the sale of the Property and granted him all the rights and powers necessary to fulfill his obligation, including securing the premises and protecting the value of the property for sale.  See id. at 2-4.  Judge Dearie further directed the Receiver to submit progress reports to this court every ninety days until final confirmation of sale of the property.  See id. at 4.

The Receiver informed the court in a status report dated December 15, 2010 that he was experiencing difficulty arranging for sale of the property.  See Letter to the Court from Mr. Ken MacBride dated Dec. 15, 2010 (ct. doc. 25).  He reported that he received substantial interest from buyers at the outset, but that

when buyers learned that a Yeshiva was currently located in the building and would be displaced by a sale, they became reluctant to purchase the property. See id. He concluded that he would be unable to sell the property unless it was vacant. See id.

Following this report, the United States moved by letter request for an order directing all occupants of the building to vacate, directing the United States Marshals to physically remove any occupants who did not comply with such an order, and directing the Torah Academy to remit to the Receiver back-rent for the period of March 31, 2010 through vacation of the premises. See Letter to the Court from Bartholomew Cirenza, Esq. dated Jan. 4, 2011 (ct. doc. 26). The United States also argued that vacation should be ordered because of various alleged safety hazards described by Mr. James I. Moore, Jr., an engineer who inspected the building. See id., Ex. A. In the Torah Academy's response, Rabbi Moishe Rubin presented a letter written by Mr. Solomon Rosenzweig, also a professional engineer, who inspected the premises and found no unsafe conditions on the Property. See Letter to the Court from Rabbi Moishe Rubin (Rubin Resp.) dated Feb. 17, 2011 (ct. doc. 28). Rabbi Rubin also noted that the Receiver had visited the building with Mr. Faisal Muhammed, a professional engineer employed by the New York City Buildings Department, and claimed that Mr. Muhammed concluded that the present use of the building poses no risk to the safety of the building or its occupants. See id.

At a conference I held with the parties May 13, 2011, I ordered the United States to supplement its motion by May 20, 2011. In its response, the United States argues that the Internal Revenue Code of 1986, 26 U.S.C. §§ 7402(a), 7403(a) and 7403(c) confers broad powers on federal courts to effect a sale of property by reasonably necessary means to enforce federal tax liens. See Letter to the Court from Mr. Cirenza dated May 20, 2011 (ct. doc. 32). It also contends that this Court's order appointing Mr. MacBride as Receiver grants him similarly broad authority to effectuate the judicially ordered sale. Id.

The Torah Academy requests in response that the Yeshiva be permitted to stay until thirty days from the sale of the property and to remit rent and back-rent to the Receiver in installments of $5,000 per month. See Letter to the Court from Stephen H. Weiner, Esq. dated May 31, 2011 (ct. doc. 33). It argues against vacation of the premises on the grounds that The Torah Academy has not intentionally interfered with efforts to sell, that the Receiver's failure to sell is due to market conditions and not the reluctance of the local community to purchase the building and that its occupancy poses no safety hazards either to the building or its occupants. See id. It does not specifically refute the government's contention that this court has the authority to order such an eviction. See id.

In its reply to the Torah Academy's response, the government argues that market conditions cannot account for the Receiver's

inability to sell the building and reiterates its request for vacation of the premises and payment of back-rent. See Letter to the Court from Mr. Cirenza dated June 2, 2011 (ct. doc. 35).

DISCUSSION

The Torah Academy does not contend, and we can find no authority to support the proposition, that this court does not have the authority to order the vacation of real property following foreclosure in favor of the government to enforce tax liens. The United States has the statutory right to intervene in a civil action in order to assert tax liens, see 26 U.S.C. 7424, and where it has done so, it may remove any such action to federal district court. See id., 28 U.S.C. §§ 2410, 1444. I also note that Judge Dearie has held that the United States has valid and subsisting federal tax liens in this property, that the property shall be foreclosed in favor of the United States, and that the Torah Academy, along with the other named parties in this action, have no right or interest in the property. See Order of the Court dated Dec. 9, 2009 (ct. doc. 19).

The Internal Revenue Code grants district courts broad powers to make "such... orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Furthermore, the United States has the power to direct the "terms and conditions" upon which a judicial sale of property is

effectuated. 28 U.S.C. § 2001(a). Similarly, the Receiver has authority granted by this court to fulfill his obligations to sell the property "in any manner approved by the United States." Order of the Court dated Feb. 4, 2010 (ct. doc. 23); see also 26 U.S.C. § 7403(d) (granting district courts the authority to appoint a receiver to enforce tax liens). Federal courts have confirmed that this statutory authority includes the power to evict occupants of a foreclosed premises even before it is sold. See, e.g., U.S. v. Christiansen, 414 Fed.Appx. 218, 220 (11th Cir. 2011); U.S. v. Uptergrove, 2009 WL 3663948, *4, *6 (E.D. Cal. Nov. 2, 2009); U.S. v. McKinnie, 2009 WL 1241617, *2 (W.D. Tenn. Mar. 12, 2009).

In light of the broad authority conferred upon the United States in enforcing tax liens, I recommend that the requested order directing the Torah Academy to vacate the premises be granted. Irrespective of whether the Receiver's inability to sell the Property is due to market conditions, as claimed by the Torah Academy, I find that the Government's request that the Academy vacate the Property in order to enable the Receiver to market the Property in a vacant condition is a "necessary or appropriate" remedy in enforcing its tax liens. In amending the state court judgment of foreclosure, Judge Dearie specifically ordered that the Property be sold free and clear of all liens, including the interests of the Torah Academy. See Am. Judgment at 2-3. In fact, other federal courts granting foreclosure of

tax liens on realty have routinely ordered persons occupying the premises to be foreclosed to vacate within 30 to 60 days of the order of sale. See, e.g., U. S. v. Perez, NO. CIV. 10-00535, 2011 WL 2945804, *4 (D.Haw. Jul. 16, 2011); U.S. v. O'Callaghan, NO. 8:09-CV-384-T-23-TGW, 2011 WL 2533810, *4, 107 A.F.T.R.2d 2011-2745 (M.D.Fla. Jun. 27, 2011); U.S. v. Ohlin, NO. CV-09-13-BLG-RFC-CSO, 2010 WL 743772, *3, 105 A.F.T.R.2d 2010-952 (D.Mont. Jan. 6, 2010).

The Torah Academy simply has not demonstrated it has any ground to continue occupying the Property, let alone put forward any legal basis for its request that it be permitted to stay at the premises until 30 days after any foreclosure sale. However, since the Torah Academy is operating a school at the Property, I recommend that the Torah Academy be given 75 days to vacate the Property in order to have time to arrange a move. In this regard, I note that the Torah Academy lists its address as 2066 East 9th Street, Brooklyn, New York, see ct. doc. 28, which is apparently a fairly large, modern building occupied by the school several blocks from the Property.

Given the clear legal basis for the relief requested by the United States, I do not address the Government's additional argument that the premises must be vacated because of unsafe conditions at the Property. I note, however, the Government supports this argument by pointing to the report of Mr. Moore dated February 23, 2010, almost a year before the Government's

initial motion.  See ct. doc. 26, Ex. 1.  Mr. Moore's report addressed primarily the illegal conversion of the Property from a four family residence to use as a school with dormitory rooms, classrooms, offices and a dining hall.  Id. at 1.  According to Mr. Rosenweig in his report dated January 20, 2011 based on an inspection on January 12, 2011, he found that the two alleged hazardous conditions described by Mr. Moore either did not pose a structural or safety problem or had been rectified.  Ct. doc. 28 at 3-4.

I also recommend that the United States be awarded back-rent and future rent from the Torah Academy for its admitted use and occupancy of the Property.  However, the government has not made a sufficient showing to demonstrate the amount of rent owed to it.  In the letter of counsel dated January 4, 2011, the United States claims rent owed of $25,326.11 for the period from March 31, 2010 through February 15, 2011, or rent at a rate of $2,412.01 per month.  Ct. doc. 26 at 2.  According to counsel for the Torah Academy, when the Receiver previously sought six months back rent, his client voluntarily paid to the Receiver the rent arrearages at a monthly rate of $2,182.35.  Ct. doc. 33 at 2.

The United States is therefore directed to supplement its submissions to document the amount of back-rent it is owed for the Torah Academy's occupancy of 1450 Ocean Avenue by October 27, 2011.  Any response by the Torah Academy must be filed by November 3, 2011.  The United States may reply within 3 days of

filing of the response.  At that point, I will consider the parties' submissions and issue a supplemental report and recommendation on the amount of back-rent to which the United States is entitled.

CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court grant the application of the United States for an order directing the Torah Academy of Brooklyn, a/k/a Yeshiva Ruach Hatorah, an intervenor-defendant, to vacate the Property within 75 days after the date of this report and recommendation or 45 days after the Court adopts this recommendation, whichever date is later.  In addition, I recommend that the Court order that until such time as the Torah Academy vacates the Property, it be required to pay rent, including back rent, in an amount to be recommended in a supplemental submission after further submissions by the parties as required above.

This report and recommendation will be filed on this date. Any objections must be filed with the Clerk of the Court, with a copy to Judge Dearie on or before October 31, 2011.  Failure to file timely objections may waive the right to appeal the District Court's Order.  See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72.

**SO ORDERED.**

Dated:    Brooklyn, New York
          October 13, 2011

                                           __/s/_____
                                           MARILYN D. GO
                                           UNITED STATES MAGISTRATE JUDGE